## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAQUETA WILLIAMS<br><br>       Plaintiff,<br><br>v.<br><br>ROC NATION, LLC; ROBERT RIHMEEK WILLIAMS a/k/a MEEK MILL; SHAWN COREY CARTER a/k/a JAY-Z; AMAZON.COM, INC.; and THE INTELLECTUAL PROPERTY CORPORATION,<br><br>       Defendants. | Civil Action No. 2:20-cv-03387-ER |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS ROC NATION, LLC, ROBERT RIHMEEK WILLIAMS, AND SHAWN COREY CARTER'S MOTION TO DISMISS

Ashley E. Shapiro (I.D. No. 209290)
BUCHANAN INGERSOLL & ROONEY PC
50 S. 16th Street, Suite 3200
Philadelphia, Pennsylvania 19102
Telephone: 215-665-8700
ashley.shapiro@bipc.com

Alex Spiro (*pro hac vice*)
Ellyde R. Thompson (*pro hac vice*)
QUINN EMANUEL URQUHART &
 SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: 212-849-7000
alexspiro@quinnemanuel.com
ellydethompson@quinnemanuel.com

Allison L. McGuire  (*pro hac vice*)
QUINN EMANUEL URQUHART &
 SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone:  202-538-8000
allisonmcguire@quinnemanuel.com

*Attorneys for Defendants Roc Nation, LLC,*
*Robert Rihmeek Williams, and Shawn Corey Carter*

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................1

STANDARD OF REVIEW ...................................................................................3

ARGUMENT ...............................................................................................4

I.    THE ALLEGATIONS FAIL TO DEMONSTRATE THAT THE COURT HAS
      PERSONAL JURISDICTION OVER DEFENDANTS...........................................4

II.   THE COMPLAINT FAILS TO STATE A CLAIM FOR DEFAMATION.......................8

      A.   The Documentary As A Whole Includes No Materially False Fact About
           Plaintiff Capable Of A Defamatory Meaning..........................................9

      B.   The Complaint Fails To Plead That Defendants Acted With Actual Malice ........13

           1.   The Actual Malice Standard Applies To Plaintiff's Defamation
                Claims ...............................................................................14

           2.   Plaintiff Has Not Pleaded Actual Malice...................................15

III.  THE COMPLAINT FAILS TO STATE A CLAIM FOR FALSE LIGHT.......................18

IV.   THE COMPLAINT FAILS TO STATE A CLAIM FOR INTENTIONAL
      INFLICTION OF EMOTIONAL DISTRESS....................................................19

V.    THE COMPLAINT FAILS TO STATE A CLAIM FOR CIVIL CONSPIRACY ..........20

CONCLUSION............................................................................................21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abdellatif v. Alza Wrae Indus. Co.*,
    2019 WL 1284689 (E.D. Pa. Mar. 20, 2019) ........................................................... 10

*Adams v. Teamsters Local 115*,
    214 Fed. App'x 167 (3d Cir. 2007) ........................................................................ 21

*Air Wisconsin Airlines Corp. v. Hoeper*,
    571 U.S. 237 (2014) ................................................................................................ 11

*Arch v. Am. Tobacco Co.*,
    984 F. Supp. 830 (E.D. Pa. 1997) ............................................................................. 3

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..................................................................................... 4, 15, 17

*Baker v. Lafayette College*,
    532 A.2d 399 (Pa. 1987) ........................................................................................ 12

*Balletta v. Spadoni*,
    47 A.3d 183 (Pa. Commw. Ct. 2012) ..................................................................... 13

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ........................................................................................... 4, 15

*Bell v. Mayview State Hosp.*,
    853 A.2d 1058 (Pa. Super. Ct. 2004) ....................................................................... 9

*Bell v. Sullivan*,
    2017 WL 5518005 (E.D. Pa. Nov. 16, 2017) ......................................................... 10

*Berkery v. Gudknecht*,
    2018 WL 3549228 (E.D. Pa. July 24, 2018) ........................................................... 16

*Biro v. Conde Nast*,
    807 F.3d 541 (2d Cir. 2015) ................................................................................... 17

*Bowers v. Neti Technologies*,
    690 F. Supp. 349 (E.D. Pa. 1988) ......................................................................... 5, 7

*Buck v. Hampton Twp. Sch. Dist.*,
    452 F.3d 256 (3d Cir. 2006) ..................................................................................... 8

*In re Burlington Coat Factory Sec. Litig.*,
    114 F.3d 1410 (3d Cir. 1997) ................................................................................... 8

ii

*Cabello-Rondon v. Dow Jones & Co., Inc.*,
    2017 WL 3531551 (S.D.N.Y. Aug. 16, 2017) ...................................................................... 18

*Coughlin v. Westinghouse Broadcasting & Cable, Inc.*,
    603 F. Supp. 377 (E.D. Pa. 1985) .................................................................................. 14, 15

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014) .......................................................................................................... 5, 7

*Di Loreto v. Costigan*,
    600 F. Supp. 2d 671 (E.D. Pa. 2009) .................................................................................... 7

*Donaldson v. Informatica Corp*,
    2009 WL 483087 (W.D. Pa. Feb. 25, 2009) .......................................................................... 5

*Earley v. Gatehouse Media Penn. Holdings, Inc.*,
    2013 WL 5466149(M.D. Pa. Sept. 30, 2013) ...................................................................... 17

*Earley v. Gatehouse Media Penn. Holdings, Inc.*,
    2015 WL 1163787 (M.D. Pa. Mar. 13, 2015) ................................................................ 16, 17

*Emekekwue v. Offor*,
    26 F. Supp. 3d 348 (M.D. Pa. 2014) ............................................................................ 10, 12

*Gertz v. Robert Welch, Inc.*,
    418 U.S. 323 (1974) .......................................................................................................... 13

*Goldstein v. Phillip Morris, Inc.*,
    854 A.2d 585 (Pa. Super. Ct. 2004) .................................................................................... 21

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011) ............................................................................................................ 5

*Gorman v. Jacobs*,
    597 F. Supp. 2d 541 (E.D. Pa. 2009) ................................................................................ 6, 8

*Gray v. Udevitz*,
    656 F.2d 588 (10th Cir. 1981) ........................................................................................... 15

*Hill v. Cosby*,
    665 F. App'x 169 (3d Cir. 2016) ....................................................................................... 19

*Hoy v. Angelone*,
    720 A.2d 745 (Pa. 1998) .................................................................................................... 20

*Hudak v. Times Pub. Co.*,
    534 F. Supp. 2d 546 (W.D. Pa. 2008) .......................................................................... 10, 13

*Hustler Magazine, Inc. v. Falwell,*
  485 U.S. 46 (1988)........................................................................................ 20

*IMO Indus. V. Kiekert,*
  155 F.3d 254 (3d. Cir. 1998) ................................................................ 6, 7, 8

*Int'l Shoe Co. v. Washington,*
  326 U.S. 310 (1945)................................................................................ 5, 6

*James v. City of Wilkes-Barre,*
  700 F.3d 675 (3d Cir. 2012) ........................................................................ 4

*Keeton v. Hustler Mag., Inc.,*
  465 U.S. 770 (1984)...................................................................................... 5

*Keim v. Cty. of Bucks,*
  275 F. Supp. 2d 628 (E.D. Pa. 2003) ........................................................ 19

*Kendall v. Daily News Pub. Co.,*
  716 F.3d 82 (3d Cir. 2013) ........................................................................ 16

*Kist v. Fatula,*
  2007 WL 2404721 (W.D. Pa. Aug. 17, 2007) .......................................... 20

*Kuwait & Gulf Link Transp. Co. v. Doe,*
  216 A.3d 1074 (Pa. Super. Ct. 2019) .......................................................... 9

*Lawson v. Pennsylvania SPCA,*
  124 F. Supp. 3d 394 (E.D. Pa. 2015) .......................................................... 9

*Lee v. TMZ Prods., Inc.,*
  710 F. App'x 551 (3d Cir. 2016) ................................................................ 16

*Leveto v. Lapina,*
  258 F.3d 156 (3d Cir. 2001) ...................................................................... 11

*Livingston v. Murray,*
  612 A.2d 443 (Pa. Super. Ct. 1992)............................................................ 10

*Marcone v. Penthouse Int'l Magazine For Men,*
  754 F.2d 1072 (3d Cir. 1985) .................................................................... 14

*Marier v. Lance, Inc.,*
  2009 WL 297713 (3d Cir. Feb. 9, 2009) ................................................... 11

*Marks v. Alfa Group,*
  2009 WL 1838358 (E.D. Pa. June 25, 2009)......................................... 4, 5, 6

*Marten v. Godwin*,
    499 F.3d 290 (3d Cir. 2007) ............................................................................. 4, 5

*Masson v. New Yorker Magazine, Inc.*,
    501 U.S. 496 (1991).......................................................................................... 11

*Mathias v. Carpenter*,
    587 A.2d 1 (Pa. Super. Ct. 1991)...................................................................... 9

*McCafferty v. Newsweek Media Grp., Ltd.*,
    955 F.3d 352 (3d Cir. 2020) .............................................................. 12, 13, 16, 19

*McDowell v. Paiewonsky*,
    769 F.2d 942 (3d Cir. 1985) ............................................................................. 15

*McKeeman v. Corestates Bank, N.A.*,
    751 A.2d 655 (Pa. Super. Ct. 2000).................................................................. 21

*Mellon Bank (EAST) PSFS v. Farino*,
    960 F.2d 1217 (3d Cir. 1992) ........................................................................... 3

*Mercer v. City of Cedar Rapids*,
    308 F.3d 840 (8th Cir. 2002) ............................................................................ 15

*Merriweather v. Philadelphia Newspapers Inc.*,
    61 Pa. D. & C. 4th 423 (Com. Pl. 2002)........................................................... 12

*Metcalfe v. Renaissance Marine, Inc.*,
    566 F.3d 324 (3d Cir. 2009) ............................................................................. 3

*Michel v. NYP Holdings, Inc.*,
    816 F.3d 686 (11th Cir. 2016) .......................................................................... 14, 18

*Milkovich v. Lorain Journal Co.*,
    497 U.S. 1 (1990).............................................................................................. 12

*Moolenaar v. Atlas Motor Inns, Inc.*,
    616 F.2d 87 (3d Cir. 1980) ............................................................................... 20

*N.Y. Times Co. v. Sullivan*,
    376 U.S. 254 (1964).......................................................................................... 13, 14

*P. Employers Ins. Co. v. AXA Belgium S.A.*,
    785 F. Supp. 2d 457 (E.D. Pa. 2011)............................................................... 5

*Pace v. Baker-White*,
    432 F. Supp. 3d 495 (E.D. Pa. 2020) ............................................... 13, 14, 16, 17

*Pierce v. Capital Cities Commc'ns, Inc.*,
   427 F. Supp. 180 (E.D. Pa. 1977) ...................................................... 15

*Pinker v. Roche Holdings Ltd.*,
   292 F.3d 361 (3d Cir. 2002) ............................................................ 3

*Remick v. Manfredy*,
   238 F.3d 248 (3d Cir. 2001) ...................................................... 6, 8, 10

*Resnick v. Manfredy*,
   52 F. Supp. 2d 462 (E.D. Pa. 1999) .................................................. 12

*Rosenblatt v. Baer*,
   383 U.S. 75 (1966) ......................................................................... 15

*Rush v. Phila. Newspapers, Inc.*,
   732 A.2d 648 (Pa. Super. Ct. 1999) ................................................. 19

*Santiago v. Warminster Twp.*,
   629 F.3d 121 (3d Cir. 2010) ............................................................. 4

*Sarpolis v. Tereshko*,
   625 F. App'x 594 (3d Cir. 2016) ..................................................... 21

*Schatz v. Republican State Leadership*,
   669 F.3d 50 (1st Cir. 2012) ............................................................. 16

*Schiavone Constr. Co. v. Time, Inc.*,
   847 F.2d 1069 (3d Cir. 1988) .......................................................... 14

*Spector Gadon & Rosen, P.C. v. Fishman*,
   2015 WL 1455692 (E.D. Pa. Mar. 30, 2015) ..................................... 8

*St. Amant v. Thompson*,
   390 U.S. 727 (1968) ....................................................................... 14

*Straub v. CBS Broad., Inc.*,
   2016 WL 943954 (E.D. Pa. Mar. 11, 2016) ...................................... 20

*Strickland v. Univ. of Scranton*,
   700 A.2d 979 (Pa. Super. Ct. 1997) ................................................ 21

*Teeple v. Carabba*,
   2009 WL 5033964 (E.D. Pa. Dec. 22, 2009) .................................... 21

*Thomas Merton Ctr. v. Rockwell Int'l Corp.*,
   442 A.2d 213 (Pa. 1981) ................................................................ 10

*Time Share Vacation Club v. Atl. Resorts Ltd.*,
  735 F.2d 61 (3rd Cir. 1984) ................................................................ 5

*Time, Inc. v. Pape*,
  401 U.S. 279 (1971) ......................................................................... 15

*ToDay's Hous. v. Times Shamrock Commc'ns, Inc.*,
  21 A.3d 1209 (Pa. Super. Ct. 2011) ..................................................... 11

*Tucker v. Fischbein*,
  237 F.3d 275 (3d Cir. 2001) ............................................................... 15

*World-Wide Volkswagen Corp. v. Woodson*,
  444 U.S. 286 (1980) .......................................................................... 6

*Worthy v. Carroll*,
  2003 WL 25706359 (E.D. Pa. July 16, 2003) ......................................... 19

## Rules

Fed. R. Civ. P. 12(b)(2) .......................................................................... 1, 3

Fed. R. Civ. P. 12(b)(2) ............................................................................. 1

## Other Authorities

*Philly Police Officer Allegedly Pulled Out Gun in Off-Duty Bar Incident, Philly Voice*,
  (June 11, 2017) https://www.phillyvoice.com/philly-police-officer-allegedly-pulled-
  out-gun-duty-bar-incident. ................................................................ 10

*Cop Charged after Making Gun Threats: Philadelphia Police, Patch.com*, (June 9, 2017)
  https://patch.com/pennsylvania/philadelphia/cop-charged-after-making-gun-threats-
  philadelphia-police .......................................................................... 10

*Philadelphia Police Officer Accused of Making Threats, Pointing Gun*, (June 10, 2017)
  https://6abc.com/philadelphia-news-officer-arrest-police-arrested-cop/2078645/ .................. 10

*Philly Cop Arrested for Off-Duty Bar Incident, Phila. Inquirer*, (June 9, 2017)
  https://www.inquirer.com/philly/news/philly-cop-arrested-for-off-duty-bar-incident-
  20170609.html .............................................................................. 10

*Police: Officer Arrested after Threatening People with Gun at Bar*, (June 9, 2017)
  https://philadelphia.cbslocal.com/2017/06/09 ........................................ 10

Restatement (Second) of Torts § 652E .................................................. 19

*Philly Cop Arrested for Off-Duty Bar Incident, Phila. Inquirer*, (June 9, 2017)
  https://www.inquirer.com/philly/news/philly-cop-arrested-for-off-duty-bar-incident-
  20170609.html .............................................................................. 10

Defendants Roc Nation, LLC, Robert Rihmeek Williams, and Shawn Corey Carter respectfully submit this memorandum of law in support of their motion to dismiss the Complaint of Plaintiff Saqueta Williams pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6).

## PRELIMINARY STATEMENT

This case concerns the five-part documentary series *Free Meek*, which shines light on injustices in the criminal justice system through the story of Defendant Robert Rihmeek Williams, a rapper known as Meek Mill.  As part of their engagement in broad efforts for criminal justice reform, Defendants Roc Nation and Shawn Corey Carter (known as JAY-Z) sought to spotlight through the documentary how Philadelphia police, prosecutors, and courts failed to serve the ends of justice in the case of Meek Mill, who was arrested in Philadelphia as a teenager.

The documentary traces Meek Mill's journey through the criminal justice system, from his violent arrest, to his flawed trial and conviction, to his onerous probation, to the probation system that repeatedly threatened to send him back to prison for any misstep, no matter how small.  The story told by the documentary is by no means unique to Meek Mill.  Instead, Meek Mill's story illustrates the ways in which the criminal justice system lets down young Black men, compounding obstacles they already face in this society.

Without engaging the larger work of *Free Meek*, the Complaint in this case faults two tiny snippets from Episode 4 (of five) of the series.  There, the documentary examines the Philadelphia District Attorney's "Do Not Call" list, a list of dozens of police department employees who, for various reasons, prosecutors should "not call" as witnesses in criminal prosecutions.  In doing so, the documentary briefly flashes a small photo of Plaintiff Saqueta Williams, a former Philadelphia police officer, along with the caption from a news article that describes criminal charges she faced while an officer for "simple assault" and "terroristic threats."

1

Plaintiff does not contest that she was placed on the Do Not Call list.  Nor does she contest that she was charged with crimes when, while off-duty, she publicly brandished her weapon in a dispute with members of the public.  Instead, Plaintiff's sole gripe is with the documentary's references to "dirty" and "dishonest" cops on the Do Not Call list and the statement that officers who had lied were on the list.  Those references are what she alleges defamed her and caused her emotional distress.  Her claims are invalid, irreconcilable with the First Amendment, and should be dismissed.

All of Plaintiff's claims against Roc Nation, Williams, and Carter fail in the first instance because Plaintiff has not shown that the court has personal jurisdiction over these defendants and, in fact, makes no allegations specific to these defendants' presence in this district at all.  Regarding the defamation claims, Plaintiff fails to satisfy the pleading standard for alleging falsity or defamatory meaning.  Plaintiff pleads as true the fact that she was on the Do Not Call list, and the documentary discloses the precise reason Plaintiff was placed on the list.  Defamation law looks to the publication's full context to avoid hypercritical claims that would otherwise chill constitutionally-protected speech.  No reasonable viewer would equate generic, attenuated statements about dishonesty surrounding an undifferentiated set of names with the specific reason why Plaintiff herself was on the Do Not Call list, especially not when the relevant excerpt expressly connected her inclusion to her prosecution for simple assault and making terroristic threats.  In this context, the alleged statements are not capable of the false and defamatory meaning alleged by Plaintiff.  In any event, because the statements relate to Plaintiff's conduct as a police officer, the First Amendment requires that Plaintiff plead that the statements were published with actual malice.  But the Complaint fails to meet that requirement because it does not allege that any defendant knew about or recklessly disregarded any false statements about Plaintiff, as confirmed

2

by the inclusion in the documentary of a news article summarizing the charges against Plaintiff that resulted in her placement on the list.

As for the claim of intentional infliction of emotional distress, it is foreclosed by the First Amendment and fails for the additional reason that Plaintiff has not plausibly alleged any physical harm required to sustain the claim. The civil conspiracy claim likewise fails because the predicate tort claims fail and, in addition, Plaintiff has not alleged facts that support a civil conspiracy claim.

The *Free Meek* documentary's examination of pressing social justice issues is at the heart of what the First Amendment protects. Letting Plaintiff nitpick mere seconds of footage by characterizing them in ways that defy both the statements' literal terms and larger context would imperil the ability of documentarians to dig deep and report broadly on pressing issues of our time and take hard-hitting messages to the public. The Complaint should be dismissed.

## STANDARD OF REVIEW[1]

In reviewing a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, a court accepts the plaintiff's allegations as true and resolves disputed facts in favor of the plaintiff. *See Pinker v. Roche Holdings Ltd*., 292 F.3d 361, 368 (3d Cir. 2002). "Once a defendant has raised a jurisdictional defense," however, the plaintiff must "prove by affidavits or other competent evidence that jurisdiction is proper." *See Metcalfe v. Renaissance Marine, Inc*., 566 F.3d 324, 330 (3d Cir. 2009) (citation and quotation marks omitted). "The plaintiff bears the burden of coming forward with a set of facts sufficient to create a prima facie case of jurisdiction." *Arch v. Am. Tobacco Co.*, 984 F. Supp. 830, 834 (E.D. Pa. 1997) (citing *Mellon Bank (EAST) PSFS v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)).

---

[1]   To avoid burdening the Court, Roc Nation, Carter, and Williams refer the Court to the brief of Amazon.com, Inc. ("Amazon") and the Intellectual Property Corporation ("IPC") for a full recitation of the relevant facts. Roc Nation, Carter, and Williams also join in and incorporate the arguments of Amazon and IPC as if fully set forth below.

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" which requires a plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).  To determine the sufficiency of a complaint, "the court must 'take note of the elements a plaintiff must plead to state a claim'" and "identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 675, 679) (internal citations and modifications omitted).  The Court must "disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012) (citations omitted).  If "'there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement [to] relief.'" *Santiago*, 629 F.3d at 130 (quoting *Iqbal*, 556 U.S. at 679).  Factual allegations must "plausibly suggest [the defendant's] state of mind." *Iqbal*, 556 U.S. at 683.

## <u>ARGUMENT</u>

## I.    THE ALLEGATIONS FAIL TO DEMONSTRATE THAT THE COURT HAS PERSONAL JURISDICTION OVER DEFENDANTS

At the threshold, Plaintiff has failed to meet the minimum pleading standards to show that the Court has personal jurisdiction over Defendants Roc Nation, Williams, and Carter.

When a defendant moves to dismiss claims under Rule 12(b)(2), the plaintiff bears the burden of "showing that personal jurisdiction exists." *See Marks v. Alfa Group*, 2009 WL 1838358 at *1 (E.D. Pa. June 25, 2009) (citing *Marten v. Godwin*, 499 F.3d 290, 295-296 (3d Cir. 2007)). The plaintiff must allege "'specific facts' rather than vague or conclusory assertions." *Id.* (quoting

*Marten*, 499 F.3d at 298). Jurisdiction must be shown separately for each Defendant. *See Time Share Vacation Club v. Atl. Resorts Ltd.,* 735 F.2d 61, 65 (3rd Cir. 1984) ("We must examine what acts the *defendants*, or each of them, committed by which the minimum contacts could be established.") (emphasis in original). It is not sufficient to base personal jurisdiction for individual defendants who were employees of a company on the company's contacts in the forum. *Donaldson v. Informatica Corp*, 2009 WL 483087 at *11 (W.D. Pa. Feb. 25, 2009) (quoting *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 781 n.13 (1984)) ("'[J]urisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him.'"); *see also Bowers v. Neti Technologies*, 690 F. Supp. 349, 359 (E.D. Pa. 1988). Rather, a plaintiff must allege that "defendants have sufficient forum-related contacts independent from their contacts as corporate officers or directors." *Id.* at 358 (citation omitted).

There are two bases on which a federal district court may exercise personal jurisdiction over a non-resident defendant: (1) general jurisdiction and (2) specific jurisdiction. *See, e.g.*, *Marks*, 2009 WL 1838358 at *3. General jurisdiction is established when a defendant's contacts with the forum "are so 'continuous and systematic' as to render [it] essentially at home in the forum State.'" *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "The facts required to show general jurisdiction must be extensive and persuasive." *P. Employers Ins. Co. v. AXA Belgium S.A.*, 785 F. Supp. 2d 457, 470 (E.D. Pa. 2011) (citation and quotation marks omitted). Under the Due Process Clause, courts may exercise specific jurisdiction over defendants who have "certain minimum contacts . . . such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Marks*, 2009 WL 1838358 at *3 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (internal quotation marks omitted). "A parallel inquiry is whether the

defendant's contacts with the forum are such that 'he should reasonably anticipate being haled into court there.'"  *Id.* at *3 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

In analyzing whether specific jurisdiction exists over a foreign defendant who has committed an intentional tort, courts in the Third Circuit apply the following test:

> (1)  The defendant committed an intentional tort;
>
> (2)  The plaintiff felt the brunt of the harm in the forum such that the forum can be said to the focal point of the harm suffered by the plaintiff as a result of the tort; and
>
> (3)  The defendant expressly aimed his tortious conduct at the forum such that forum can be said to be the focal point of the tortious activity.

*IMO Indus. v. Kiekert*, 155 F.3d 254, 265–66 (3d. Cir. 1998).  Courts apply this "rigorous standard" when defamation is alleged.  *See Marks*, 2009 WL 1838358 at *5 (citation omitted).

The test is more stringent when the allegedly tortious communication is broadcast over a medium with a global reach such as the internet.  Courts in this district have recognized the "added wrinkle of the internet" when holding that a complaint failed to allege that a defendant "expressly aimed his tortious conduct at the forum."  *Gorman v. Jacobs*, 597 F. Supp. 2d 541, 548 (E.D. Pa. 2009) (citations omitted) ("Because one can access web sites from anywhere, the defendant's Internet activity—whether it be web site operation or use—must evince an intent to interact with the forum to justify the exercise of personal jurisdiction."); *see also Marks*, 2009 WL 1838358 at *6 (court lacked personal jurisdiction over the foreign defendants where the allegedly defamatory media releases were directed to a "global audience"); *Remick v. Manfredy,* 238 F.3d 248, 259 (3d Cir. 2001) ("Given the website was intended to provide information on Manfredy and that it was accessible worldwide, there is no basis to conclude that the defendants expressly aimed their allegedly tortious activity at Pennsylvania knowing that the harm was likely to be caused there.").

Here, Plaintiff has failed to establish personal jurisdiction for several reasons. *First*, Plaintiff does not plead separate facts indicating each defendant's contacts with the forum. Rather, Plaintiff alleges that Defendants Carter and Williams are each an "employee, agent, worker, and/or representative of Defendant Roc Nation, LLC," and "acting within the scope of [their] employment." Compl. ¶¶ 7–8. But—even if true—that is insufficient to allege that the Court has personal jurisdiction over these defendants in their individual capacity. *See Bowers*, 690 F. Supp. at 359 (holding improper exercise of personal jurisdiction over officers of the corporation whose contacts with the forum were solely in their corporate capacity).

*Second*, the Complaint does not allege facts that support a finding of general jurisdiction over Roc Nation, Carter, and Williams. Plaintiff merely alleges in a subheading of her pleading that Roc Nation, Carter, and Williams regularly do business in the forum, Compl. ¶ 11, but offers no specific allegations to support that conclusory statement. She includes no detail of what that purported regular business consists of or whether it is "so continuous and systematic as to render [Roc Nation, Carter, or Williams] essentially at home" in Pennsylvania. *Daimler,* 571 U.S. at 139 (citation and quotation marks omitted). Such allegations are plainly insufficient.

*Third*, Plaintiff has not adequately alleged that this Court has specific jurisdiction over Roc Nation, Carter, and Williams based on the commission of an intentional tort. To start, Plaintiff cannot even meet the first element of the test set forth in *IMO Industries* because the Complaint fails to state a claim for ***any*** intentional tort against Defendants Roc Nation, Carter, and Williams. *See, e.g.*, *Di Loreto v. Costigan*, 600 F. Supp. 2d 671, 691, 692 (E.D. Pa. 2009) ("Plaintiff's failure to allege an intentional tort means that Plaintiff has not satisfied the first prong of the Effects Test—commission of an intentional tort."); *see infra* Sections II–V; ECF No. 17-1 at 7–24. Nor does the Complaint include sufficient allegations to satisfy the third portion of the *IMO Industries*

test because the Complaint never alleges that Roc Nation, Williams, and Carter "aimed [their] tortious conduct" at the forum. *See IMO Industries, Inc.*, 155 F.3d at 265. Although the documentary is about Philadelphia, the Complaint alleges that the series was distributed by Defendant Amazon, Compl. ¶ 9, and Amazon's audience includes viewers throughout the United States and around the world, not simply the people of Philadelphia or Pennsylvania. As a result, the Complaint's allegations—even if true—cannot establish personal jurisdiction over Defendants Roc Nation, Carter, and Williams and should be dismissed. *See Gorman*, 597 F. Supp. 2d at 548; *Remick*, 238 F.3d at 259.

## II.   THE COMPLAINT FAILS TO STATE A CLAIM FOR DEFAMATION

As further detailed in the brief of Amazon and IPC, ECF No. 17-1 at 7–18, Plaintiff fails to state a claim for defamation. Plaintiff has not and cannot allege that the statements are materially false or capable of the meaning she attributes to them. The Complaint concedes the truth of the facts provided about Plaintiff in Episode 4, namely that Plaintiff appeared on the Do Not Call list as a result of her physical altercation and subsequent criminal charges. *See* Compl. ¶ 36; Spiro Decl. Ex. A at 35:59.[2] Viewed in proper context, it is implausible to suggest that any viewer would

---

[2]   Plaintiff has incorporated by reference the documentary *Free Meek*, and defendants have provided a DVD with a digital copy of Episode 4 of the series to the Court. Decl. of Alex Spiro ("Spiro Decl.") Ex. A. A court "may consider documents that are attached to or submitted with the complaint, and any 'matters incorporated by reference or integral to the claim.'" *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). A complaint incorporates by reference when it "specifically mentions" or relies on a document. *Spector Gadon & Rosen, P.C. v. Fishman*, 2015 WL 1455692, at *6 (E.D. Pa. Mar. 30, 2015), *aff'd*, 666 F. App'x 128 (3d Cir. 2016). "[T]he rule seeks to prevent . . . the situation in which a plaintiff is able to maintain a claim . . . by extracting an isolated statement from a document and placing it in the complaint, even though if the statement were examined in the full context of the document, it would be clear that the statement was not [actionable]." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). Here, Plaintiff refers to the *Free Meek* documentary as the basis for jurisdiction and the source of the allegedly defamatory statements at the core of her claims. *See* Compl. ¶¶ 12–13, 44–69, 79–82, 84–89, 92, 94–97, 101–03, 122, 123, 125. She also quotes directly (albeit selectively) from the film. *See* Compl. ¶¶ 47–49. Accordingly, the Court may consider the

conclude that Plaintiff was placed on the Do Not Call list because she had lied instead of because of the specified criminal charges against her.  And even if the commentary suggested that Plaintiff is a "dirty and dishonest cop," that statement is protected, non-actionable opinion that cannot give rise to liability.  Further, because the statements at issue relate to Plaintiff's role as a Philadelphia police officer, the First Amendment requires that Plaintiff plead that defendants published the statements with actual malice, that is, with knowledge or reckless disregard for their falsity, which Plaintiff has failed to do.  Because Plaintiff's claims are premised on allegations inconsistent with the documentary itself, the Complaint should be dismissed with prejudice.

### A. The Documentary As A Whole Includes No Materially False Fact About Plaintiff Capable Of A Defamatory Meaning

In a defamation action, "[w]hether a communication is capable of bearing a defamatory meaning is a question for the Court."  *Lawson v. Pennsylvania SPCA*, 124 F. Supp. 3d 394, 410 (E.D. Pa. 2015); *see also* 42 Pa.C.S. § 8343(a); *Bell v. Mayview State Hosp.*, 853 A.2d 1058, 1061–62 (Pa. Super. Ct. 2004) (affirming dismissal where challenged statement was not capable of false and defamatory meaning alleged by plaintiff).  A communication is capable of defamatory meaning "'if it tends to harm the reputation of another so as to lower him or her in the estimation of the community or to deter third persons from associating or dealing with him or her.'"  *Kuwait & Gulf Link Transp. Co. v. Doe*, 216 A.3d 1074, 1085 (Pa. Super. Ct. 2019) (quoting *Bell*, 853 A.2d at 1062); *see also Mathias v. Carpenter*, 587 A.2d 1, 2 (Pa. Super. Ct. 1991).

To determine whether a statement is capable of defamatory meaning, "the court must view the statement 'in context' with an eye toward 'the effect the [statement] is fairly calculated to produce, the impression it would naturally engender, in the minds of the average persons among

---

documentary generally and Episode 4 specifically for present purposes.  In addition, Spiro Decl. Ex. B reproduces the District Attorney's list (listing Plaintiff as "Sequeta Williams"), which the Complaint incorporates by reference.  *See* Compl. ¶¶ 29–42.

whom it is intended to circulate.'" *Hudak v. Times Pub. Co.*, 534 F. Supp. 2d 546, 558–59 (W.D. Pa. 2008) (quoting *Remick*, 238 F.3d at 261); *Emekekwue v. Offor*, 26 F. Supp. 3d 348, 359 (M.D. Pa. 2014) (same); *Thomas Merton Ctr. v. Rockwell Int'l Corp.*, 442 A.2d 213, 216 (Pa. 1981) (courts "consider the full context of the article to determine the effect the article is fairly calculated to produce") (citation omitted).   "To establish defamation by innuendo, the innuendo must be warranted, justified and supported by the publication." *Livingston v. Murray*, 612 A.2d 443, 449 (Pa. Super. Ct. 1992), *appeal denied* 617 A.2d 1275 (Pa. 1992) (citation omitted).

As Amazon and IPC explain, ECF No. 17-1 at 10–17, Plaintiff cannot demonstrate any materially false statement of fact because the Complaint concedes the truth of each of the facts Plaintiff alleges give rise to her defamation claim. *See* Compl. ¶¶ 19, 27, 36.[3]  The failure to plead falsity requires dismissal. *See* EFC No. 17-1 at 17–24; *see also Abdellatif v. Alza Wrae Indus. Co*., 2019 WL 1284689, at *10 (E.D. Pa. Mar. 20, 2019) (granting motion to dismiss where defendants demonstrated that the alleged defamatory statements were true); *Bell v. Sullivan*, 2017 WL 5518005, at *8 (E.D. Pa. Nov. 16, 2017) (providing an additional ground to dismiss defamation claim where "statement was actually true").

That is particularly true given the context of the statement, which reveals the reason Plaintiff appears on the Do Not Call list. *See Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496,

---

[3] *See also Police: Officer Arrested after Threatening People with Gun at Bar*, 3CBS Philly (June 9, 2017), https://philadelphia.cbslocal.com/2017/06/09/officer-arrested-to-be-dismissed; Robert Moran, *Philly Cop Arrested for Off-Duty Bar Incident*, Phila. Inquirer (June 9, 2017), https://www.inquirer.com/philly/news/philly-cop-arrested-for-off-duty-bar-incident-20170609.html; Max Bennett, *Cop Charged after Making Gun Threats: Philadelphia Police*, Patch.com (June 9, 2017), https://patch.com/pennsylvania/philadelphia/cop-charged-after-making-gun-threats-philadelphia-police; *Philadelphia Police Officer Accused of Making Threats, Pointing Gun*, 6ABC   (June 10, 2017), https://6abc.com/news/philadelphia-cop-accused-of-making-threats-pointing-gun/2078645; Daniel Craig, *Philly Police Officer Allegedly Pulled Out Gun in Off-Duty Bar Incident*, Philly Voice (June 11, 2017), https://www.phillyvoice.com/philly-police-officer-allegedly-pulled-out-gun-duty-bar-incident.

517 (1991) ("Minor inaccuracies do not amount to falsity so long as 'the substance, the gist, the sting, of the libelous charge be justified.'") (citation omitted).  As is the case here, this standard is not met when the "gist" or "sting" of the alleged defamatory statements is accurate.  *Marier v. Lance, Inc.*, 2009 WL 297713, at *2 (3d Cir. Feb. 9, 2009) (affirming summary judgment in favor of defendant because "the 'sting' of the statement that [plaintiffs] were escorted off the property by the police is not literally whether or not they were actually escorted off of the property by the police," but instead the accurate fact "that the police had to get involved in [the] dispute"); *ToDay's Hous. v. Times Shamrock Commc'ns, Inc.*, 21 A.3d 1209, 1215 (Pa. Super. Ct. 2011) ("[T]he 'gist' of a statement is true if the effect upon a reader is the same regardless of the inaccuracy.") (citation omitted).  Notably, the Complaint does not deny that attorneys had in fact decided to reexamine cases involving Plaintiff along with those of all other officers on the Do Not Call list, precisely as reported by the documentary.  Compl. ¶¶ 43–77.  And there can be no plausible contention that Plaintiff's reputation was damaged by the niceties of ***exactly why*** she was on the list (whether for lying or for other misconduct), as opposed to the ***conceded facts*** that she ***was*** on the list and could not be called as a witness in criminal trials without prior permission from the District Attorney's Office.  *See, e.g.*, *Air Wisconsin Airlines Corp. v. Hoeper*, 571 U.S. 237, 250 (2014) ("In determining whether a falsehood is material to a defamation claim, we care whether it affects the subject's reputation.").

Likewise, the Complaint fails to plead a claim for defamation based on implication or innuendo because the inference Plaintiff sets forth is inconsistent with what the documentary shows.  ECF No. 17-1 at 14–17: *see Emekekwue*, 26 F. Supp. 3d at 360–61 (communication not defamatory where alleged implication was contradicted by other statements in challenged communication); *Merriweather v. Philadelphia Newspapers Inc.*, 61 Pa. D. & C. 4th 423, 437–38

(Com. Pl. 2002), *aff'd*, 835 A.2d 842 (Pa. Super. Ct. 2003) (granting judgment for defendant where "remainder of the article includes a passage which *expressly refutes* the defamatory implication that plaintiff attempts to ascribe to the limited portion of the article about which he is complaining") (emphasis in original).

In addition, Plaintiff's claim fails because the specific alleged defamatory statements in the documentary are non-actionable opinions.  "As Pennsylvania courts recognize, pure opinions cannot be defamatory."  *McCafferty v. Newsweek Media Grp., Ltd.*, 955 F.3d 352, 357 (3d Cir. 2020); *Emekekwue*, 26 F. Supp. 3d at 359.  Indeed, "[o]pinion, without more, does not create a cause of action in libel; instead, the allegedly libeled party must demonstrate that the communicated opinion may reasonably be understood to imply the existence of undisclosed defamatory facts justifying the opinion." *Resnick v. Manfredy*, 52 F. Supp. 2d 462, 470 (E.D. Pa. 1999) (citing *Baker v. Lafayette College,* 532 A.2d 399, 402 (Pa. 1987)); *see also Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 20 (1990) ("[A] statement of opinion relating to matters of public concern which does not contain a provably false factual connotation will receive full constitutional protection.").

The commentary in Episode 4 characterizing the Do Not Call list as "a list of dirty and dishonest cops" is precisely the type of non-actionable opinion that cannot sustain a defamation claim.  Again, the context of these statements is fatal to Plaintiff's claim.  After discussing Philadelphia's rich history of scandal and corruption, including prior police corruption probes and the former District Attorney's guilty plea for accepting bribes, the commentary reveals the existence of the Do Not Call list and surveys a range of police officers included on the list for misconduct such as assault, making false statements in a police report, involuntary manslaughter, and driving under the influence.  *See* Spiro Decl. Ex. A at 34:19–36:22.  The description of this

list as one including "dirty and dishonest cops" cannot be construed, as the Complaint attempts, as accusing Plaintiff of lying. *See* Compl. ¶¶ 52–53, 56–57, 60–61. To the contrary, it offers one investigator's opinion and characterization of the Do Not Call list based on disclosed facts, including prior law enforcement corruption scandals plaguing Philadelphia as well as the summary of Plaintiff's undisputed criminal charges. *See* Spiro Decl. Ex. A at 34:19–36:22. Viewers are thus free "to draw the desired conclusion for themselves." *Hudak*, 534 F. Supp. 2d at 561. By basing its allegations on non-actionable opinion, the Complaint wanders astray and into terrain that is constitutionally forbidden. *See Pace v. Baker-White*, 432 F. Supp. 3d 495, 513 (E.D. Pa. 2020) (finding statements to be "non-actionable opinion" and dismissing complaint); *Balletta v. Spadoni*, 47 A.3d 183, 200 (Pa. Commw. Ct. 2012) (dismissing claim because allegedly defamatory remarks were non-actionable statements of opinion).

## B.    The Complaint Fails To Plead That Defendants Acted With Actual Malice

Plaintiff's defamation claim also should be dismissed because the First Amendment requires Plaintiff to plead "actual malice" with plausibility, which Plaintiff fails to do.

The Supreme Court has long held that the First Amendment prohibits public officials from prevailing on a defamation claim absent proof by clear and convincing evidence that any allegedly offending statements were published with "actual malice," that is, with knowledge of their falsity, or despite a "high degree of awareness" of their "probable falsity." *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 280 (1964); *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 332 (1974); *McCafferty*, 955 F.3d at 359 ("To show defamation, a public figure . . . must show that the publisher acted with 'actual malice.'") (citation omitted). Whether a plaintiff qualifies as a public official poses a question of law for the court. *Marcone v. Penthouse Int'l Magazine For Men*, 754 F.2d 1072, 1081 & n.4 (3d Cir. 1985).

The actual malice "standard is a subjective one, based on the defendant's actual state of mind." *Schiavone Constr. Co. v. Time, Inc.*, 847 F.2d 1069, 1089 (3d Cir. 1988).  To meet the actual malice standard, a plaintiff must show that the defendant knew the challenged statements were false or "in fact entertained serious doubts as to the[ir] truth" at the time of publication. *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968).  Mere "[f]ailure to investigate, without more, does not demonstrate actual malice." *Marcone*, 754 F.2d at 1089 (citing *St. Amant*, 390 U.S. at 733). The standard is designedly exacting because it vindicates the "powerful interest in ensuring that free speech is not unduly burdened by the necessity of defending against expensive yet groundless litigation" and the imperative "to allow publishers the 'breathing space' needed to ensure robust reporting on public figures and events." *Pace*, 432 F. Supp. 3d. at 514 n.15 (quoting *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702 (11th Cir. 2016)).

1.    The Actual Malice Standard Applies To Plaintiff's Defamation Claims

Because the challenged statements concern Plaintiff's role as a police officer, Plaintiff qualifies as a "public official."[4]  As the Supreme Court emphasized in *New York Times v. Sullivan*, the "right of free public discussion of the stewardship of public officials" has been "a fundamental principle of the American form of government."  376 U.S. at 275.  "Courts have consistently treated police officers as public officials within the meaning of *New York Times*." *Coughlin v. Westinghouse Broadcasting & Cable, Inc.*, 603 F. Supp. 377, 385–86 (E.D. Pa. 1985), *aff'd*, 780 F.2d 340 (3d Cir. 1985) (citing, *e.g.*, *Time, Inc. v. Pape*, 401 U.S. 279, 284 (1971)).  Courts do so because "the public has an independent interest in the qualifications and performance of" police officers, who "possess[] both the authority and the ability to exercise force," and the "[m]isuse of

---

[4]   Plaintiff alternatively qualifies as a limited-purpose public figure, but the Court need not reach this question in connection with this motion.

[t]his authority can result in significant deprivation of constitutional rights and personal freedoms, not to mention bodily injury and financial loss." *Coughlin*, 603 F. Supp. at 386 (quoting *Gray v. Udevitz*, 656 F.2d 588, 591 (10th Cir. 1981)). "The strong public interest in ensuring open discussion and criticism of [a police officer's] qualifications and job performance warrant the conclusion that [the officer] is a public official." *Coughlin*, 603 F. Supp. at 386. Because the challenged statements concern these very subjects and Plaintiff's "Do Not Call" status as a government official on a list maintained by public prosecutors, *see supra* Section II.A; ECF No. 17-1 at 17–18, Plaintiff must plead that defendants published the statements with actual malice.[5]

## 2.   Plaintiff Has Not Pleaded Actual Malice

Plaintiff's conclusory allegations of actual malice do not meet the constitutionally required standard. "Actual malice" requires a plaintiff to show a defendant's "subjective awareness" of the probable falsity of a statement. *McDowell v. Paiewonsky*, 769 F.2d 942, 951 (3d Cir. 1985); *Tucker v. Fischbein*, 237 F.3d 275, 286 (3d Cir. 2001) (Alito, J.) (requiring "a *subjective* belief that the statement was false when made") (emphasis in original). "In the wake of *Iqbal* and *Twombly*, adequately pleading actual malice is an onerous task . . . And it is one that regularly results in early dismissal of an action." *Pace*, 432 F. Supp. 3d at 514 (citations and quotation marks omitted) (dismissing with prejudice plaintiff's defamation claims). A complaint must contain more than "actual-malice buzzwords." *Schatz v. Republican State Leadership*, 669 F.3d 50, 56 (1st Cir. 2012); *see also Lee v. TMZ Prods., Inc.*, 710 F. App'x 551, 560 (3d Cir. 2016)

---

[5]   The actual malice standard applies notwithstanding that Plaintiff is no longer a Philadelphia police officer. *See, e.g.*, *Rosenblatt v. Baer*, 383 U.S. 75, 87 n.14 (1966); *Mercer v. City of Cedar Rapids*, 308 F.3d 840, 848 (8th Cir. 2002) (former police officer was "public figure" for statements regarding her termination); *Pierce v. Capital Cities Commc'ns, Inc.*, 427 F. Supp. 180, 187 (E.D. Pa. 1977), *aff'd*, 576 F.2d 495 (3d Cir. 1978), *cert. denied*, 439 U.S. 861 (1978) (statements concerning conduct of former mayor and port authority chairman required actual malice).

(affirming Rule 12(b)(6) dismissal of defamation claim for, *inter alia*, failure to plausibly plead actual malice); *Berkery v. Gudknecht*, 2018 WL 3549228, at *3 (E.D. Pa. July 24, 2018), *aff'd* 763 F. App'x 288 (3d Cir. 2019) (dismissing defamation claim because plaintiff "does not contend that [defendant] acted with actual malice, let alone provide any factual support for such an allegation"); *Earley v. Gatehouse Media Penn. Holdings, Inc.*, 2015 WL 1163787, at *2–4 (M.D. Pa. Mar. 13, 2015) (dismissing defamation complaint with prejudice absent factual support for actual malice). "The First Amendment requires this demanding standard." *McCafferty*, 955 F.3d at 359.

For a claim of defamation by implication, a plaintiff must plead not only that the defendant knew of or recklessly disregarded the falsity of the statement but also that the defendant ***intended*** to communicate the specific alleged defamatory meaning. *See Kendall v. Daily News Pub. Co.*, 716 F.3d 82, 92 (3d Cir. 2013). Showing "falsity alone is inadequate"; rather, "plaintiffs must show something that establishes defendants' intent to communicate the defamatory meaning." *Id.* at 90. "The subjective nature of this inquiry requires that there be some evidence showing, directly or circumstantially, that the defendants themselves understood the potential defamatory meaning of their statement." *Id.* at 93. "The Third Circuit has also held that the actual malice standard is higher in defamation-by-implication cases." *Pace*, 432 F. Supp. 3d at 513; *Earley*, 2015 WL 1163787, at *3 (M.D. Pa. Mar. 13, 2015) (plaintiff alleging defamation by implication "has a high hurdle to clear to adequately allege actual malice").

Here again, Plaintiff's claims are fatally flawed. *First*, Plaintiff's allegations of actual malice are nothing more than a "threadbare recital" of malice "supported by mere conclusory statements," *Iqbal*, 556 U.S. at 678, that lack concrete allegations to support them. *See* Compl. ¶¶ 88–96, 98–100. Plaintiff merely parrots the standard, adding only a cursory allegation that the defendants as a group supposedly knew the statements were false, which courts repeatedly have

16

Case 2:20-cv-03387-ER   Document 19-1   Filed 09/10/20   Page 25 of 30

deemed insufficient.  *See, e.g.*, *Pace*, 432 F. Supp. 3d at 514 (complaint failed to plead actual malice where it "merely recites that Defendants acted in a 'malicious, intentional and reckless' manner"); *Earley v. Gatehouse Media Pennsylvania Holdings, Inc.*, 2013 WL 5466149, at *6 (M.D. Pa. Sept. 30, 2013) (finding that plaintiff "failed to sufficiently plead actual malice" and noting that "the court does not consider the plaintiff's conclusory allegations with regard to knowledge or recklessness"); *see also Biro v. Conde Nast*, 807 F.3d 541, 545 (2d Cir. 2015) (affirming dismissal of defamation claim where "nonconclusory allegations . . . fall short of raising a plausible inference of actual malice.").

*Second*, Plaintiff pleads no facts, circumstantial or otherwise, to support her blanket allegations that defendants intended to communicate a defamatory meaning.  *See* Compl. ¶ 93. This, too, is an incurable defect.  The absence of any facts that, if proven, would establish that defendants published the alleged defamatory statements with a "subjective belief" or "subjective awareness" that any statement specifically about Plaintiff was false, much less with the requisite intent to communicate a defamatory meaning, requires dismissal of Plaintiff's claim.  *See Earley*, 2015 WL 1163787, at *3 (dismissing defamation-by-implication claim for failing to plead actual malice and reasoning that "[t]he plaintiff's inclusion of a few exhibits and some additional language fails to provide adequate facts to show the actual malice necessary to outweigh the interest of protecting the right to freely criticize public officials").

*Finally*, even if Plaintiff had pleaded facts sufficiently alleging that the defendants intended to convey the false and defamatory meaning alleged in the Complaint (which she has not), the fact that the documentary included the precise reasons for Plaintiff's inclusion on the Do Not Call list— simple assault and terroristic threats—undercuts any actual malice finding.  *See* Spiro Decl. Ex A at 35:59.  That is because, far from showing that any defendant acted with actual malice, when a

"publisher includes information contrary to the general conclusions reached in an article, that showing tends to undermine the claims of malice." *Michel*, 816 F.3d at 705 (affirming dismissal of defamation claim for failure to plead actual malice when "defendants included information contrary to their conclusions in the text of the article itself," which "undermined [plaintiff's] claim that they acted with actual malice"); *see also Cabello-Rondon v. Dow Jones & Co., Inc.*, 2017 WL 3531551 at *10 (S.D.N.Y. Aug. 16, 2017) (newspaper's inclusion of contrary "other information" demonstrates that defendants did not "evince an intent to deliberately avoid learning or portraying the truth"), *aff'd*, 720 F. App'x 87 (2d Cir. 2018).

Thus, even assuming that the documentary *did* state that Plaintiff is a "dirty and dishonest cop" (which it did not), the documentary's disclosure of the precise reasons for her inclusion on the Do Not Call list *belies* any finding of actual malice because "reporting perspectives contrary to the publisher's own should be interpreted as helping to rebut, not establish, the presence of actual malice." *Michel*, 816 F.3d at 703.  Because Plaintiff's claim that the statements in the documentary defamed her rest on the inclusion of the newspaper clip in the documentary, and because the inclusion of that same clip directly contradicts any claim that any defendant acted with actual malice, Plaintiff has failed to plead actual malice.[6]

## III.   THE COMPLAINT FAILS TO STATE A CLAIM FOR FALSE LIGHT

For the same reasons that Plaintiff's defamation claim fails, so too does her false light claim.  *See supra* Section II; ECF No. 17-1 at 7–8, 17.  This tort "involves 'publicity that unreasonably places the other in a false light before the public.'"  *Keim v. Cty. of Bucks*, 275 F. Supp. 2d 628, 636–37 (E.D. Pa. 2003) (quoting *Rush v. Phila. Newspapers, Inc.*, 732 A.2d 648, 654 (Pa. Super. Ct. 1999)).  The false light must entail "such a major misrepresentation of

---

[6]   This, of course, further underscores that the statements at issue are not false or capable of a defamatory meaning.

[plaintiff's] character, history, activities or beliefs that serious offense may reasonably be expected to be taken by a reasonable [person] in [plaintiff's] position." *Worthy v. Carroll*, 2003 WL 25706359, at *3 (E.D. Pa. July 16, 2003) (quoting Restatement (Second) of Torts § 652E, cmt. c (1977)).  "Pennsylvania courts apply the same analysis to both defamation and false light." *Hill v. Cosby*, 665 F. App'x 169, 177 (3d Cir. 2016) (citations omitted); *see also McCafferty*, 955 F.3d at 360 ("In Pennsylvania, falsity means the same thing for false light as it does for defamation."). "Plus, the false-light tort requires actual malice." *Id.* (citing 3 Restatement (Second) of Torts § 652E).

*Free Meek* does not place Plaintiff in a false light before the public, and the publicly available fact that she is on the Do Not Call list is not highly offensive to the average person when considered in context.  Indeed, the documentary itself (as pleaded into the Complaint) discloses the conceded basis for Plaintiff's appearance on the Do Not Call list, including the key facts that she was on the list, and Plaintiff's conclusory and implausible allegations of actual malice fail to meet the exacting pleading standard.  *See supra* Section II.B; ECF No. 17-1 at 17–18.  Because the documentary itself contradicts the basis for Plaintiff's false light claim, it should be dismissed with prejudice.  *See Worthy*, 2003 WL 25706359, at *4 (dismissing false light claim "for essentially the same reasons as set forth in addressing the defamation claim").

## IV.   THE COMPLAINT FAILS TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff likewise fails to plead a viable claim for intentional infliction of emotional distress ("IIED"), as Defendants Amazon and the IPC explain.  ECF No. 17-1 at 19–21.  In addition, because Plaintiff's IIED claim is no less subject to dismissal on First Amendment grounds than her defamation claim, discussed *supra* Section II, Plaintiff's failure to plead that any defendant acted with actual malice also requires dismissal of the IIED claim.  *See, e.g.*, *Hustler Magazine*,

*Inc. v. Falwell*, 485 U.S. 46, 56 (1988) (holding actual malice required to sustain IIED because "such a standard is necessary to give adequate 'breathing space' to the freedoms protected by the First Amendment"). Indeed, courts in this district are "extremely dubious" of purported claims IIED because "the Third Circuit has rejected the application of [IIED]" in defamation cases. *Straub v. CBS Broad., Inc.*, 2016 WL 943954, at *10 (E.D. Pa. Mar. 11, 2016) (noting that plaintiff failed to cite "a single case holding that Defendant's alleged conduct qualifies as outrageous enough to state such a claim"). Although Plaintiff alleges vague physical ailments such as "bloating or gassiness," this is not sufficient to state an IIED claim. Compl. ¶ 112. *See, e.g.*, *Kist v. Fatula*, 2007 WL 2404721, at *23 (W.D. Pa. Aug. 17, 2007) (dismissing IIED claims where plaintiff alleged "embarrassment, humiliation[,] and loss of sleep"); *see also Moolenaar v. Atlas Motor Inns, Inc.*, 616 F.2d 87, 88 (3d Cir. 1980) (finding that plaintiff's allegations of minor weight loss due to anxiety, altered sleeping patterns, and embarrassment could not form basis of IIED claim). Moreover, as detailed more fully by Amazon and IPC, ECF No. 17-1 at 19–21, Plaintiff has not alleged any facts sufficient to support finding that defendants' conduct was "extreme and outrageous." *Hoy v. Angelone*, 720 A.2d 745, 753–54 (Pa. 1998). As a result, Plaintiff's IIED claim fails to meet the pleading standard and should be dismissed with prejudice.

## V.   THE COMPLAINT FAILS TO STATE A CLAIM FOR CIVIL CONSPIRACY

As explained more fully in Defendants Amazon and IPC's Motion to Dismiss, ECF No. 17-1 at 21–24, Plaintiff's claim for civil conspiracy also fails as a matter of law. Because Plaintiff does not state a claim for any predicate tort, she cannot plead a conspiracy to commit those torts. *See, e.g.*, *Goldstein v. Phillip Morris, Inc.*, 854 A.2d 585, 590 (Pa. Super. Ct. 2004) ("[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act.") (quoting *McKeeman v. Corestates Bank, N.A.*, 751 A.2d 655, 660 (Pa. Super. Ct. 2000)). And Plaintiff has failed to plead and cannot plead "an essential part of a cause of action

20

for conspiracy"—malice. *Sarpolis v. Tereshko*, 625 F. App'x 594, 601 (3d Cir. 2016) (quoting *Goldstein*, 854 A.2d at 590). "[M]alice requires that the conspirators act with the sole purpose of injuring the plaintiff." *Sarpolis*, 625 F. App'x at 601. While Plaintiff alleges that the documentary harmed her, she fails to plead, even in a conclusory fashion, any facts that support finding that the ***sole purpose*** of defendants' conduct was to harm her. Finally, Plaintiff has not pleaded the existence of a conspiratorial agreement, which is "the sine qua non of a civil conspiracy." *Teeple v. Carabba*, 2009 WL 5033964, at *18 (E.D. Pa. Dec. 22, 2009), *aff'd*, 398 F. App'x 814 (3d Cir. 2010) (citation omitted). This agreement must have an explicit purpose to "do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose." *Strickland v. Univ. of Scranton*, 700 A.2d 979, 987–88 (Pa. Super. Ct. 1997) (quotation marks and citation omitted). Plaintiff's conclusory allegations that defendants "engaged in a civil conspiracy" and had "a common purpose" to harm her, Compl. ¶¶ 141–44, are plainly insufficient to establish this element. *See, e.g.*, *Adams v. Teamsters Local 115*, 214 Fed. App'x 167, 175 (3d Cir. 2007) ("[C]onclusory allegations of 'concerted action,' without allegations of fact that reflect joint action, are insufficient to meet" pleading requirements.). As such, Plaintiff fails to state a claim for civil conspiracy, and this claim should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Roc Nation, LLC, Robert Rihmeek Williams, and Shawn Corey Carter respectfully request that the Court dismiss with prejudice the Complaint against them.

Dated:  September 10, 2020                          QUINN EMANUEL URQUHART & SULLIVAN

                                                                              */s/ Alex Spiro*

Alex Spiro (*pro hac vice*)
Ellyde R. Thompson (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor,
New York, New York 10010
Telephone: 212-849-7000
alexspiro@quinnemanuel.com
ellydethompson@quinnemanuel.com

Allison L. McGuire  (*pro hac vice*)
QUINN EMANUEL URQUHART &
 SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone:  202-538-8000
allisonmcguire@quinnemanuel.com

Ashley E. Shapiro (I.D. No. 209290)
BUCHANAN INGERSOLL & ROONEY PC
50 S. 16th Street, Suite 3200
Philadelphia Pennsylvania 19102
Telephone: 215-665-8700
ashley.shapiro@bipc.com

*Attorneys for Defendants Roc Nation, LLC,
Robert Rihmeek Williams, and Shawn Corey
Carter*

22