IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SAQUETA WILLIAMS,                      :      CIVIL ACTION
                                     :      NO. 20-03387
           Plaintiff,           :
                                     :
     v.                        :
                                     :
ROC NATION, LLC, et al.,       :
                                   :
           Defendants.         :

## ORDER

**AND NOW**, this **3rd** day of **December, 2020,** after considering Defendants' Motion to Dismiss the Amended Complaint (ECF No. 36) and Plaintiff's Response thereto (ECF No. 39), it is hereby **ORDERED** that Defendants' Motion to Dismiss (ECF No. 36)[1] is **GRANTED in part**[2] and **DENIED in part.**[3] Accordingly, Count III of the Amended Complaint (ECF No. 33) is **DISMISSED.**

       **AND IT IS SO ORDERED.**

                    **/s/ Eduardo C. Robreno**
                    **EDUARDO C. ROBRENO, J.**

---

[1]    Plaintiff's Amended Complaint (ECF No. 33) brings claims for defamation by implication (Count I), presentation of false light (Count II), and civil conspiracy (Count III). Defendants move to dismiss the Amended Complaint for failure to state a claim. See Fed. R. Civ. P. 12(b)(6).

[2]    Defendants argue Plaintiff fails to adequately allege an essential element of her civil conspiracy claim because she does not allege that Defendants acted with the sole purpose of defaming her.

"Proof of malice is an essential part of a cause of action for conspiracy, and malice requires that the conspirators act with the sole purpose of injuring the plaintiff." Sarpolis v. Tereshko, 625 F. App'x 594, 601 (3d Cir. 2016) (internal quotations and citations omitted). "Where the defendants act to advance their own business interests, malice is absent." Sales Benchmark Index LLC v. DeRosa, No. CV 18-2680, 2018 WL 3918090, at *6 (E.D. Pa. Aug. 16, 2018).

As the Court noted in its October 21, 2020, memorandum (ECF No. 31), the segment of the documentary at issue clearly aims to inform viewers about the "Do Not Call List" and the reasons officers are placed on that list. Additionally, the Amended Complaint alleges that Defendants produced the episode at issue not only to convey a defamatory message about Plaintiff, but also to highlight corruption and misconduct within the Philadelphia Police Department, inter alia. Am. Compl. ¶ 136, ECF No. 33. Therefore, Plaintiff fails to plausibly allege that Defendants acted with the sole purpose of injuring her.

Accordingly, the Court will grant Defendants' Motion to Dismiss Count III of the Amended Complaint.

[3]    Defendants also argue that Plaintiff fails to plausibly allege actual malice, as needed to state a claim for defamation by implication and presentation of false light.

In a suit involving defamation of a public official where the challenged statements relate to official conduct, a plaintiff must establish that the defendants acted with "actual malice" in publishing the statement at issue. N.Y. Times Co. v. Sullivan, 376 U.S. 254, 280 (1964). To satisfy the actual malice standard in a defamation-by-implication action, a plaintiff must demonstrate not only that the defendants "either knew that the defamatory meaning of their statement was false or were reckless in regard to the defamatory meaning's falsity," but also that the defendant intended to communicate the defamatory implication. Kendall v. Daily News Publ'g Co., 716 F.3d 82, 89 (3d Cir. 2013).

To satisfy this "communicative intent" element, a plaintiff must demonstrate "that the defendant either intended to communicate the defamatory meaning or knew of the defamatory meaning and was reckless in regard to it." Id. Recklessness "requires that the defendants knew that the defamatory meaning was not just possible, but likely, and still made the statement despite their knowledge of that likelihood." Id. at 92.

"Adequately pleading actual malice is an onerous task" that presents a "high hurdle" for plaintiffs to clear. Earley v. Gatehouse Media Pa. Holdings, Inc., No. CIV.A. 3:12-1886, 2015 WL 1163787, at *2 (M.D. Pa. Mar. 13, 2015).

Plaintiff clears this high hurdle. She plausibly alleges that Defendants knew the defamatory implication at issue was false because they possessed the Philadelphia Inquirer article detailing the true reason for Plaintiff's inclusion on the "Do Not Call List," and she plausibly alleges Defendants chose to communicate the defamatory implication despite that knowledge.

3

Construed in the light most favorable to Plaintiff, the Amended Complaint plausibly alleges that Defendants conveyed this defamatory meaning "contrary to information [they] otherwise knew," McCafferty v. Newsweek Media Grp., Ltd., 955 F.3d 352, 360 (3d Cir. 2020), and that they "either intended to communicate the defamatory meaning or knew of the defamatory meaning and [were] reckless in regard to it." Kendall, 716 F.3d at 91. Therefore, Plaintiff adequately pleads actual malice.

Accordingly, the Court will deny Defendants' Motion to Dismiss Counts I and II of the Amended Complaint.