```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| SAQUETA WILLIAMS, | : | CIVIL ACTION |
| | : | NO. 20-03387 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ROC NATION, LLC, et al., | : | |
| | : | |
| Defendants. | : | |

### ORDER

**AND NOW**, this **9th** day of **February, 2021,** after considering Plaintiff's Motion to Modify First Scheduling Order and the Defendants' Response thereto, it is hereby **ORDERED** that Plaintiff's Motion (ECF No. 43) is **DENIED.**[1]

**AND IT IS SO ORDERED.**

*/s/ Eduardo C. Robreno*
**EDUARDO C. ROBRENO, J.**

---

[1] Plaintiff asks the Court to extend the case management deadlines by sixty days. Defendants oppose the Motion.

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." To show good cause, the movant must "include[] both an explanation of why more time is needed" and show that she "diligently sought the discovery she now seeks to secure beyond the deadline." Walker v. Centocor Ortho Biotech, Inc., 558 F. App'x 216, 221-22 (3d Cir. 2014).

Plaintiff's Motion appears to seek an extension for the sake of convenience and does not sufficiently explain why the discovery at issue could not have been taken earlier, or why she did not seek relief until now.

"A road map will not work if the drivers are unwilling to look at the sign posts." Capek v. Mendelson, 143 F.R.D. 97, 100 (E.D. Pa. 1992) (Robreno, J.). Likewise, civil litigation in federal courts cannot be conducted

effectively if parties do not diligently seek to comply with case management deadlines.

Because Plaintiff has failed to show good cause, the Court will deny the Motion.